IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| TESSA GAY NICOLE HINES, | ) | No. 3:22-CR-33-TAV-DCP |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter came before the Court on June 23, 2022, to address Defendant's Motion for Immediate Release with Conditions [Doc. 60], filed on June 20, 2022. The Government previously moved for detention based on the risk of Defendant's nonappearance at her initial appearance on the Criminal Complaint [Doc. 5] and at her arraignment following the issuance of the indictment [Doc. 42]. At those times, Defendant waived and reserved her right to a detention hearing [Docs. 9 & 44], and the Court subsequently ordered that Defendant be detained pending her trial in this matter [Docs. 10 & 49].

As a threshold matter, "[t]he Court is authorized to conduct a detention hearing (*i.e.*, to consider whether to detain Defendant) only if the Government first establishes that one of the circumstances listed in Title 18, United States Code, Section 3142(f) exists." *United States v. Mendoza-Balleza*, 420 F. Supp. 3d 716, 716 (E.D. Tenn. May 23, 2019) (citations omitted). At the June 23 hearing, the Government argued that 18 U.S.C. § 3142(f)(2)(A) authorized a detention hearing in this matter because Defendant posed a serious risk of flight. Based upon its review of this matter and after considering the evidence proffered at the hearing and arguments made by counsel, the Court found, for the reasons stated on the record at the hearing, that the Government has not demonstrated that Defendant presents a serious risk of flight pursuant to 18 U.S.C.

3142(f)(2)(A), and the Court is therefore not authorized to conduct a detention hearing in this matter.

After making its finding, the Court ordered that Defendant be released on conditions pending further proceedings in the matter pursuant to 18 U.S.C. § 3142(c), including the condition that Defendant satisfy the state court bond out of the Loudon County Criminal Court [Doc. 63]. Following her satisfaction of the state court bond, Defendant shall be released from custody under the conditions imposed by this Court.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge