IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 3:22-CR-33-TAV-DCP |
| TESSA GAY NICOLE HINES, ) | |
| JAHMARLEY KIBOKI MCFARLANE, ) | |
| MORICE ARMANI BROWN, and ) | |
| MARKLYN ANTONIO FORRESTER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case came before the undersigned on May 30, 2023, for an arraignment on a superseding indictment as to Defendants Hines, McFarlane, Brown, and Forrester [Doc. 85]. Assistant United States Attorney Frank Dale, Jr. appeared on behalf of the Government. Attorney Rachel Wolf appeared on behalf of Defendant Hines, who waived her personal appearance at the hearing [Doc. 84]. The following defense counsel also appeared along with their respective clients: Attorney Christopher Rodgers on behalf of Defendant Forrester; Attorney Jamie Poston Hughes on behalf of Defendant Brown; and Attorney Christopher Oldham on behalf of Defendant McFarlane.

At the conclusion of the arraignment, Attorney Wolf orally moved for a continuance of the June 13, 2023 trial date on Defendant Hines's behalf. Attorney Wolf stated that there is new evidence that she expects to receive from the Government that she will need time to review. Attorney Rodgers joined in the oral motion, stating two additional charges have been filed against Defendant Forrester. Attorney Rodgers stated that he has received the new discovery from the

Government and will need time to go through it, confer with his client, and engage in discussions with the Government.  Attorney Hughes also joined in the oral motion, stating the superseding indictment includes two new charges against Defendant Brown.  Attorney Oldham stated on Defendant McFarlane's behalf that he does not oppose the requested continuance.  AUSA Dale confirmed that the Government has no opposition to the requested continuance.

Based upon the representations made by defense counsel and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).  In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See id.* § 3161(h)(7)(B)(i)–(iv).  Counsel for Defendants Forrester and Brown need time to review the additional charges included in the superseding indictment.  Counsel for each Defendant will also need time to review the additional discovery provided by the Government, confer with their clients, determine whether any pretrial motions are necessary, engage in discussions with the Government if they wish, and otherwise prepare for trial.  All of this cannot be done by the June 13, 2023 trial date.

The Court therefore **GRANTS** Defendant Hines's oral motion for a trial continuance.  The trial of this case is reset to **September 26, 2023**.[1]  A new, comprehensive, trial schedule is included below.  Because the Court has found that the ends of justice served by granting a continuance

---

[1] The parties conferred prior to the hearing and agreed to a September 26, 2023 trial date. The Court cautioned the parties during the hearing that the filing of any dispositive pretrial motion may result in a delay of the trial to allow sufficient time for a hearing and final disposition of the motion by the District Judge and adequate time for trial preparation in consideration of that ruling.

2

outweigh the interests of Defendants and the public in a speedy trial, all of the time between the oral motion on May 30, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Tessa Hines' oral motion for a trial continuance is **GRANTED**;

(2) The trial of this case is reset to commence on **September 26, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the oral motion to continue on **May 30, 2023,** and the new trial date of **September 26, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **June 30, 2023**. Responses to motions are due on or before **July 14, 2023**;

(5) The new deadline to file a plea agreement in the record and to provide reciprocal discovery is **August 28, 2023**;

(6) The new deadline for motions *in limine* is **September 11, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **September 12, 2023, at 2:30 p.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **September 15, 2023.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge